UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ERIEN L. FRAZIER,<br><br>   Plaintiff,<br><br>v.<br><br>VIRTUOSO SOURCING GROUP, LLC<br><br>   Defendants. | Case No.: 1:15-cv-01004-GLR |

## ANSWER OF VIRTUOSO SOURCING GROUP TO PLAINTIFF'S COMPLAINT

Defendant, Virtuoso Sourcing Group, LLC ("Virtuoso"), by and through its counsel, answers and defends the Plaintiff's Complaint ("Complaint") and denies each and every matter and thing alleged in the Plaintiff's Complaint except as admitted or qualified hereinafter and states and alleges as follows:

1. In response to the allegations in Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff brings this action for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(a)(iii) and (b)(1) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692d, but denies that it violated any law or that Plaintiff is entitled to any relief.

2. In response to the allegations in Paragraph 2 of Plaintiff's Complaint, Defendant denies that the alleged practices are widespread. Defendant is without information or knowledge as to Plaintiff's intentions regarding discovery.

3. Defendant denies the allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. The allegations in Paragraph 4 of Plaintiff's Complaint allege jurisdiction which Defendant is not required to Answer..

5. The allegations in Paragraph 5 of Plaintiff's Complaint allege venue which Defendant is not required to Answer.

6. Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint.

8. In response to the allegations in Paragraph 8 of Plaintiff's Complaint, "Virtuoso Sourcing Group, LLC" is a Colorado limited liability company registered to do business, and licensed as a collection agency, in the State of Maryland.

9. Defendant denies the allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint. However, Exhibit B to Plaintiff's Complaint evidences that one of the three calls alleged in the Complaint was answered for a period of 1 minute, 18 seconds.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. In response to the allegations set forth in Paragraph 12 of Plaintiff's Complaint, Defendant admits that it was attempting to collect on a debt, but denies that the debt was non-existent.

13. The allegations set forth in Paragraph 13 of Plaintiff's Complaint assert a legal conclusion which Defendant is not required to Answer.

14. Defendant incorporates by reference its Answers in Paragraphs 1 through 13 as though repeated in full.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant incorporates by reference its Answers in Paragraphs 1 through 19 as though repeated in full.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendant incorporates by reference its Answers in Paragraphs 1 through 24 as though repeated in full.

26. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of Plaintiff's Complaint, but is without sufficient information to admit or deny whether the Plaintiff's debt was a consumer obligation.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. In response to the allegations set forth in Paragraph 31 of Plaintiff's Complaint, Defendant admits that it was attempting to collect on a debt, but denies that the debt was non-existent.

32. Defendant incorporates by reference its Answers in Paragraphs 1 through 31 as though repeated in full.

33. Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations set forth in Paragraph 34 of Plaintiff's Complaint, but is without sufficient information to admit or deny whether Plaintiff's debt was a consumer obligation.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations set forth in Paragraph 37 of Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief can be granted against Defendant.

### SECOND DEFENSE

Plaintiff's claims are subject to arbitration.

### THIRD DEFENSE

Plaintiff's claims fail to the extent that Plaintiff did not incur any actual damages.

### FOURTH DEFENSE

Plaintiff's claims fail to the extent that Defendant had the prior express consent to make telephone calls to her cellular telephone number.

WHEREFORE, Defendant requests that the Court enter an order: (1) dismissing with prejudice the Complaint; (2) awarding Defendant its costs and expenses incurred herein; and (3)

awarding Defendant such other relief as the Court may deem just and proper.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Bradley T. Canter
Bradley T. Canter, Esquire (#18995)
200-A Monroe Street, #104
Rockville, Maryland 20850
E-Mail:  bcanter@roncanterllc.com
Telephone:  (301) 424-7490
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by first class mail, postage prepaid on this 9th day of June, 2015 to:

Erien Frazier
P.O. Box 25
Hagerstown, Maryland 21740
*Plaintiff*

/s/ Bradley T. Canter
Bradley T. Canter, Esquire
*Attorney for Defendant*